IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ORLANDIS BOLDEN, Inmate #N31928, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO.  05-730-GPM |
| ) | |
| JOHN EVANS, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff previously was granted leave to proceed *in forma pauperis*, and the initial partial filing fee was waived.

### IN FORMA PAUPERIS STATUS

It has now come to the Court's attention that Plaintiff Orlandis Bolden has, "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed prior to, as well as after, the Prison Litigation Reform Act's ("PLRA's") enactment.  *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Bolden v. Washington*, Case No. 96-293-JPG (S.D. Illinois, dismissed as frivolous December 18, 1997); *Bolden v. Washington*, Case No. 96-549-WLB (S.D. Illinois, dismissed as frivolous December 9, 1996); *Bolden v. Peters*, Case No. 1:98-CV-3745 (N.D. Illinois, dismissed for failure to state a claim July 1, 1998). Plaintiff has filed 28 additional cases in the Northern and Southern Districts of Illinois.

A plaintiff who has accumulated "three strikes" under section 1915(g) may proceed *in forma pauperis* in an action where the prisoner is under "imminent danger of serious physical injury." The Seventh Circuit Court of Appeals has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.*

Plaintiff's complaint alleges two claims. First, Plaintiff claims that Pinckneyville Correctional Center employees provided inadequate medical care for his acid reflux and hemorrhoids. Based on Plaintiff's allegations, the Court cannot find that Plaintiff is not in imminent danger of serious physical injury if the denial of medical treatment is allowed to continue. As such, Plaintiff may proceed on this medical claim under the imminent danger exception to section 1915(g).

Second, Plaintiff claims that he was denied due process during a random drug test and subsequent disciplinary proceedings where Plaintiff was disciplined for failure to provide a sample. Upon careful review of the complaint, the Court finds that this claim does not allege a real and

proximate threat so as to constitute imminent danger as contemplated by the statute. As such, this claim is **DISMISSED** from the action.

## THRESHOLD REVIEW

The Court will now proceed with its review of Plaintiff's medical claim pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that Plaintiff's medical claim may not be dismissed at this point in the litigation.

*Factual Allegations*

Plaintiff states that while incarcerated in the Cook County Jail (between March 2003 and February 2004), he was treated at a Chicago hospital for acid reflux and hemorrhoids. Plaintiff received medications for the conditions, and surgery to correct the hemorrhoids was planned. When Plaintiff was transferred to the custody of the Illinois Department of Corrections ("IDOC"), he was initially housed at the Stateville Correctional Center. Plaintiff states that employees there (Defendants John and Jane Doe 1-3) refused to provide him with medical treatment for the acid

reflux and hemorrhoid problems. Plaintiff later was transferred to the Pinckneyville Correctional Center. Upon arrival, he informed John and Jane Doe Defendants 4-6 of his medical conditions. These Defendants referred him to Defendant Finerman who did not examine him but told him that he would have to see Plaintiff's medical records first. Dr. Finerman later told Plaintiff that the hemorrhoid(s) would have to be removed after Plaintiff left the custody of the IDOC. Plaintiff states that Defendant Finerman intentionally withheld treatment because it was too expensive. Plaintiff states that as a result of the untreated acid reflux and hemorrhoids, he experienced rectum pain and itching, blood in his stool, diarrhea, cramping, heartburn, difficulty sleeping, gas, abdominal pain, nausea, constipation, and nose bleeds. He states that the pain caused by the untreated hemorrhoids was severe and has kept him from sitting and sleeping. Plaintiff states that the pain was so bad, he had to beat his pillow. Plaintiff states that Defendants Evans, Flagg, Brown, Pursell, and Miller all conspired to deny medical treatment "by their failure to act" on grievances.

### *Legal Standards*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S.

> at ----, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding

there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on these standards and Plaintiff's allegations, Plaintiff has stated a claim of deliberate indifference to a serious medical need that may not be dismissed at this point in the litigation.

### *Defendants*

However, a word about Defendants is in order. Plaintiff lists a number of Defendants in the caption, but in the factual narrative of the complaint, Plaintiff describes deprivation of a constitutional right by only Defendants Finerman at Pinckneyville Correctional Center and John and Jane Doe 1-3 at Stateville. To state a claim under section 1983, in addition to alleging the deprivation of a constitutional right, a plaintiff must also show that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Plaintiff states that Defendants Evans, Flagg, Brown, Pursell, and Miller all conspired to deny medical treatment "by their failure to act" on grievances filed by Plaintiff. Plaintiff has not shown that these Defendants were personally responsible for the constitutional deprivation that is the basis of the complaint. Exhibits submitted with the complaint indicate that Plaintiff grieved his lack of medical treatment and that those Defendants were involved in responding to his grievances. In the Seventh Circuit, however, this is not sufficient to show that these Defendants were responsible for the deprivation. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (supervisory employee

must facilitate, approve, condone, or turn a blind eye to unconstitutional conduct to be liable).  As such, Defendants Evans, Flagg, Brown, Pursell, and Miller are **DISMISSED** from the action.

Plaintiff states that he told Defendants John and Jane Doe 4-6 of his medical condition, and they referred him to Defendant Finerman.  Plaintiff does not state that any of these Defendants were responsible for depriving him of medical treatment.  As such, he has not stated a claim against these Defendants; John and Jane Doe 4-6 are **DISMISSED** as defendants from the action.

Because the due process claim has been dismissed from the action for failing to show imminent danger of a serious physical injury, Defendants McBride and Deen, associated only with that claim, are also **DISMISSED** as defendants from the action.

Finally, Plaintiff states that Defendants John and Jane Doe 1-3 at Stateville Correctional Center refused to give him medical treatment.  While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon.  *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).  However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint."  *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999).  Accordingly, the Court dismisses these unnamed defendants, but grants Plaintiff **30 days** leave to file an amended complaint in which he names with specificity the individuals responsible for depriving him of medical treatment at Stateville Correctional Center.

### SUMMARY AND CONCLUSION

Plaintiff is allowed to proceed against Defendant Finerman on the deliberate indifference claim.  Defendants Evans, Flagg, Brown, McBride, Deen, Pursell, Miller, and John and Jane Doe 4-6 are **DISMISSED** from the action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit an amended complaint listing by name the defendants responsible for depriving him of his constitutional rights at Stateville Correctional Center and USM-285 forms for these defendants within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk of Court is **DIRECTED** to send Plaintiff three **(3)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a Defendant until Plaintiff submits a properly completed USM-285 form for that Defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendant Finerman*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendant Finerman* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Plaintiff is **ADVISED** that service shall not be made on the Unknown (John and Jane Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **FURTHER ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of the IDOC who no longer can be found at the work

address provided by Plaintiff, the IDOC shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**PENDING MOTIONS**

Still pending in this matter are Plaintiff's three motions for appointment of counsel (Docs. 3, 6, and 9). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted

at this time.  Accordingly, Plaintiff's motions for appointment of counsel (Docs. 3, 6, and 9) are **DENIED**.

      **IT IS SO ORDERED.**

      DATED:  08/24/06

                                        s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        Chief United States District Judge