IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ORLANDIS BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-730-GPM |
| | ) | |
| A. FINERMAN, Former Doctor of | ) | |
| Picnkneyville Correctional Center, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for a Preliminary Injunction (Doc. 25). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff Orlandis Bolden alleges that while he was incarcerated in the Cook County Jail (between March 2003 and February 2004), he was treated at a Chicago hospital for acid reflux and hemorrhoids. Plaintiff Bolden received medications for the conditions, and surgery to correct the hemorrhoids was planned. When Bolden was transferred to the custody of the Illinois Department of Corrections ("IDOC"), he was initially housed at the Stateville Correctional Center. Bolden states that employees there refused to provide him with medical treatment for the acid reflux and hemorrhoid problems.

Plaintiff Bolden later was transferred to the Pinckneyville Correctional Center. Upon arrival, he complained of his condition and was referred to Defendant Dr. A. Finerman who did not examine him but told him that he would have to see Plaintiff's medical records first. Dr. Finerman later told Bolden that the hemorrhoid(s) would have to be removed after he left the custody of the IDOC. Bolden states that Finerman intentionally withheld treatment because it was too expensive. Bolden alleges that as a result of the untreated acid reflux and hemorrhoids, he experienced rectum pain and itching, blood in his stool, diarrhea, cramping, heartburn, difficulty sleeping, gas, abdominal pain, nausea, constipation, and nose bleeds. He further claims that the pain caused by the untreated hemorrhoids was severe and has kept him from sitting and sleeping.

On September 5, 2006, Plaintiff Bolden filed a Notice of Change of Address (Doc. 13) in which he informed the Court that he had been transferred to Lawrence Correctional Center, where he currently is housed, except for occasional short-term transfers on legal writs. He has not returned to Pinckneyville since June 9, 2006, approximately six months prior to filing the instant motion for a preliminary injunction.

In that motion, Bolden seeks a preliminary injunction ordering that he be treated by an independent specialist for the treatment of his hemorrhoids, acid reflux, and stomach infection (Doc. 25, pg. 5).

On January 15, 2007, Defendant Finerman responded to the motion, alleging that the motion must be denied because Bolden appears to request an injunction against parties not yet joined in this suit. Finerman points out that Bolden is a resident of Lawrence Correctional Center and that Finerman, who is the only defendant left in this case, works in the Pinckneyville

facility. Finerman argues, therefore, that the Court should deny the request for a preliminary injunction.

## CONCLUSIONS OF LAW

When a preliminary injunction is issued it is binding only upon the parties to the action, their officers agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. FED. R. CIV. P. 65(d). The movant for a preliminary injunction must show that (1) he is reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. Joelner v. Village of Washington Park, Illinois, 378 F.3d 613, 619 (7th Cir. 2004). See also Incredible Technologies, Inc. v. Virtual Technologies, Inc., 400 F.3d 1007, 1011 (7th Cir. 2005). If the movant meets this burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." Joelner, 378 F.3d at 619. Accord Christian Legal Society v. Walker, 453 F.3d 853, 859 (7th Cir. 2006) (If movant satisfies his threshold burden, the district court "must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party....").

Also applicable to Plaintiff's motion are provisions of the Prisoner Litigation Reform Act ("PLRA") found at 18 U.S.C. §3626 (a)(2). Under the PLRA, preliminary injunctive relief can only be ordered if the relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct that harm. Id.

The plaintiff / movant bears the burden of showing he is entitled to a preliminary injunction. See Boucher v. School Board of the School District of Greenfield, 134 F.3d 821, 823 (7th Cir. 1998).

In the case at bar, Plaintiff Bolden seeks a preliminary injunction so that he may be treated by an independent specialist for the treatment of his hemorrhoids, acid reflux, and stomach infection.

This Court **RECOMMENDS** that Plaintiff's request for a temporary injunction be **DENIED**.  If the Court were to grant a temporary injunction, it is unclear that it would alleviate any harm to Bolden as he is no longer in the custody of Dr. Finerman.  It appears that Bolden would like an injunction ordering the individuals who are in current custody of him to provide independent medical treatment to treat his conditions.  The problem is that a temporary injunction is limited by Rule 65(d) to the parties, their agents, and those acting in concert with them who have knowledge of the injunction.  Here, Finerman is the sole defendant and Bolden is no longer at the Pinckneyville facility where Finerman would have custody over him.  Therefore, Bolden is unable to demonstrate that he will suffer irreparable harm which, absent the requested injunctive relief being granted, outweighs the irreparable harm the Finerman will suffer if the injunction is granted.

Although the third factor outlined in Joelner, above, is dispositive, the Court will briefly address the remaining factors.  Although Plaintiff has survived the initial 28 U.S.C. § 1915(g) Screening Order, he has not demonstrated that he is reasonably likely to succeed on the merits.  To succeed on this claim, he must demonstrate that Finerman was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Foelker v. Outagamie County, 394 F.3d 510, 512-513 (7th Cir. 2005). Plaintiff must show that: "(1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to [his] health or safety." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Thus, Bolden must demonstrate that Finerman's conduct was either intentional or reckless, and not merely negligent. Foelker, 394 F.3d at 513. On the record before the Court, the Court cannot conclude that Defendant will likely succeed on the merits of his claim. While the issue of Plaintiff's safety is important, he does not allege or offer enough information that would meet the heavy burden imposed by Rule 65, the PLRA, and applicable caselaw.

Plaintiff may have an adequate remedy at law. In his Complaint, Plaintiff seeks compensatory, actual, and punitive damages from Defendant, indicating that Plaintiff thinks money damages can supply adequate compensation.

The Court does not conclude that the public interest would be harmed by the granting of an injunction ordering adequate medical care be provided. However, the public interest would be harmed if this Court were to issue a mandatory injunction against those not parties to this action, nor having the type of relationship to the parties as outlined in Rule 65. To do so would not only violate Rule 65, but it would also harm those individuals rights to be heard before having an injunction issued against them. In balancing these interests, this Court can only conclude that a temporary injunction is not warranted in this case.

## CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Temporary Injunction (Doc. 25) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 11, 2007**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**