IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OLANDIS BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-730-GPM |
| | ) | |
| A. FINERMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal

Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the

Motion for Summary Judgment (Doc. 47), filed by Plaintiff Olandis Bolden on May 29, 2007.

For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**, and that

the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

**Procedural History**

Orlandis Bolden ("Plaintiff") filed this suit as an inmate of the Pinckneyville Correctional

Center on October 11, 2005, alleging violations of his constitutional rights pursuant to 42 U.S.C.

§ 1983. Specifically, Plaintiff alleges that Defendant Dr. Adrian Feinerman[1] was deliberately

indifferent to his serious medical needs while he was incarcerated. On May 29, 2007, Plaintiff

filed the instant motion for summary judgement alleging that judgement as a matter of law is

appropriate because the undisputed facts establish that (1) Defendant Feinerman was deliberately

indifferent to his serious medical needs; (2) Defendant Feinerman is not entitled to qualified

---

[1] Plaintiff erroneously identified Defendant as "A. Finerman" in his complaint.

immunity; (3) Plaintiff has properly exhausted his administrative remedies; and, (4) Plaintiff's claims were brought within the two year statute of limitations period. Plaintiff also filed a separate document entitled "Plaintiff Orlandis Borden's Undisputed Facts" attached to a Motion to Stay Discovery (Doc. 48). On June 6, 2007, Defendant filed a Response to Plaintiff's Motion for Summary Judgement (Doc. 54) and included as exhibits Defendant's Answers to Interrogatories and an affidavit of Defendant Feinerman (Doc. 54-2).

**Substantive History**

Plaintiff's claims that during his stay at the Cook County Jail he was diagnosed with hemorrhoids, acid reflux, and a stomach infection; he also claims that he was treated for these conditions at John Stroger Hospital (Doc. 47 at 2). Upon Plaintiff's transfer to Pinkneyville Correctional Center on April 14, 2004, he was assessed by Defendant Feinerman (Doc. 47 at 2). Defendant Feinerman also had a nurse inspect Plaintiff, and although Defendant Feinerman did not proscribe medication for Plaintiff's hemorrhoids, he sent Plaintiff to Chester Hospital to have a colonoscopy (Doc. 47 at 3).

Plaintiff alleges that he has suffered from acid reflux, hemorrhoids, and a stomach infection during his stay at Pinkneyville Correctional Center, but asserts that he was not treated by Defendant Feinerman for his pain from the acid reflux or the hemorrhoids (Doc. 48 at 3-4). In December 2004, Plaintiff asserts that he was diagnosed with hemorrhoids following the colonoscopy and that he has consistently complained about being in pain from the hemorrhoids since 2003 Doc. 48 at 3-4).

Defendant responds that because Plaintiff is no longer incarcerated at Pinckneyville Correctional Center, Defendant no longer has access to Plaintiff's medical records and cannot

properly respond to Plaintiff's factual assertions (Doc 54 at 6). Defendant states in his Affidavit, though, that it is his practice to treat medical conditions such as hemorrhoids, acid reflux and stomach infection in an appropriate manner and that these conditions often do not require specific surgical or pharmacological treatment (Doc. 54-2 at 10).

CONCLUSIONS OF LAW

**Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See also Ruffin-Thompkins v. Experian Information Solutions, Inc., 422 F.3d 603, 607 (7th Cir. 2005); Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc., 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970). See also Lawrence v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ballance v. City of Springfield, Illinois Police Department, 424 F.3d 614, 616 (7th Cir. 2005); Hottenroth v. Village of Slinger, 388 F.3d 1015, 1027 (7th Cir.2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." Spiegula v. Hull, 371 F.3d 928, 935 (7th Cir. 2004). See also Anderer v. Jones, 385 F.3d 1043, 1064 (7th Cir. 2004).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Packman v. Chicago Tribune Co., 267 F.3d 628, 637 (7th Cir. 2001); Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997).

**Deliberate Indifference of a Serious Medical Need**

The Eighth Amendment prohibits cruel and unusual punishment. Johnson v. Snyder, 444 F.3d 579, 584 (7th Cir. 2006). The Supreme Court has interpreted this prohibition, which is incorporated through the Fourteenth Amendment, as imposing a duty on states "to provide adequate medical care to incarcerated individuals." Id. (quoting Boyce v. Moore, 314 F.3d 884, 888-89 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976))). "Prison official fail in this duty if they display deliberate indifference to serious medical needs of prisoners." Johnson, 444 F.3d at 584. (internal quotations and citations omitted). "Thus, a claim that a prison official has violated the Eighth Amendment must demonstrate two elements: (1) an objectively serious medical condition, and (2) deliberate indifference by the prison officials to that condition." Id. (citing Zentmyer v. Kendall County, 220 F.3d 805, 810 (7th Cir. 2000)).

An objectively serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attentions." Johnson, 444 F.3d at 584-85 (citing Zentmyer, 220 F.3d at 810). A serious medical condition need not be life threatening, but should constitute a denial of "the minimal civilized measure of life's necessities. Id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Deliberate indifference is a subjective standard. Johnson, 444 F.3d at 858. To demonstrate deliberate indifference, a plaintiff must show that the defendant "acted with a sufficiently culpable state of mind." Id. (quoting Johnson v. Doughty, 433 F.3d 1001, 1010 (7th Cir. 2006)). Deliberate indifference "is more than negligence and approaches intentional wrongdoing." Id. Deliberate indifference is "essentially a criminal recklessness standard, that is, ignoring a known risk. Collignon v. Milwaukee County, 163 F.3d 982, 988 (7th Cir. 1998) (citing Farmer, 511 U.S. at 837). Even gross negligence is "below the standard need to impose constitutional liablility." Id. To be liable, a defendant "must know of the serious risk to the prisoner's health, i.e., the serious medical need at issue, and they must also consciously disregard that risk/need so as to inflict cruel and unusual punishment upon the prisoner." Doughty, 433 F.3d at 1010 (citing Farmer, 511 U.S. at 837).

Therefore, for Plaintiff's motion to be granted, he must show that the undisputed facts establish (1) that his hemorrhoids were a serious medical condition such that denying him treatment denied him the minimal civilized measure of life's necessities and, (2) that Defendant Feinerman was aware of this need and consciously disregarded it so as to inflict cruel and unusual punishment on Plaintiff. Johnson, 444 F.3d at 584.

Even if it were conceded that Plaintiff's condition was sufficiently serious, Plaintiff has not met his burden of establishing that the undisputed facts demonstrate that Defendant Feinerman consciously disregarded Plaintiff's medical condition by refusing to treat him. By his own admission, Plaintiff was receiving at least some treatment for his hemorrhoids. Plaintiff's affidavit states that Defendant Feinerman saw him at least once, ordered his medical records from the Cook County Jail, and ordered a colonoscopy (Doc. 48-2 at 19-20). Plaintiff has failed to establish that Defendant Feinerman, by not prescribing medication, was "ignoring a known risk" or acting with criminal recklessness. In fact, Plaintiff's evidence could just as reasonably support the inference that Defendant Feinerman's actions were done to assess Plaintiff's condition and formulate an appropriate treatment. Plaintiff has not provided evidence to establish Defendant's subjective mental culpability such that he is entitled to judgment as a matter of law. Accordingly, it is **RECOMMENDED** that the Motion for Summary Judgment be **DENIED** as to this issue.

**Affirmative Defenses**

Plaintiff also alleges that summary judgment is appropriate in Plaintiff's favor on the issues of qualified immunity, failure to exhaust administrative remedies and the statute of limitations (Doc. 47 at 11-13). Motions for summary judgment are governed by Federal Rule of Civil Procedure 56 which states: "A party claiming relief may move . . . for summary judgment on all or part of the claim." FED. R. CIV. P. 56(a). As a party claiming relief, Plaintiff may move for summary judgment only on one of his claims; he may not use Rule 56 to move for summary judgment on an affirmative defense, which the defending party has the burden of establishing. Qualified immunity is an affirmative defense where "the burden of pleading it rests with the

defendant." <u>Crawford-El v. Britton</u>, 523 U.S. 574, 587 (1998) (<u>citing</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 639-641 (1980)).  Failure to exhaust administrative remedies under the PLRA is also an affirmative defense, <u>Dole v. Chandler</u>, 438 F.3d 804, 809 (7th Cir. 2006), as is the statute of limitations, <u>Myles v. U.S.</u>, 416 F.3d 551, 553 (7th Cir. 2003).  Rule 56 does not permit Plaintiff to move for summary judgment on these affirmative defenses.  Accordingly, it is **RECOMMENDED** that the Motion for Summary Judgment be **DENIED** as to the issue of Defendant's affirmative defenses.

### CONCLUSION

Therefore, for the reasons set forth above, it is **RECOMMENDED** that the Motion for Summary Judgment (Doc. 47) be **DENIED**  and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 14, 2008**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**