**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ORLANDIS BOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-730-GPM |
| | ) |
| ADRIAN FEINERMAN, M.D., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

In October 2005, Plaintiff filed this action pursuant to 28 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs in violation of his constitutional rights. He claims that while he was incarcerated in the Cook County Jail between March 2003 and February 2004, he was treated at a Chicago hospital for acid reflux and hemorrhoids. He received medications for his conditions, and surgery was planned to correct his hemorrhoids. When he was transferred to the custody of the Illinois Department of Corrections (IDOC), he initially was housed at Stateville Correctional Center. Plaintiff alleges that employees at Stateville refused to provide him with medical treatment for his conditions, but he failed to name any Stateville employees in his complaint. Plaintiff later was transferred to Pinckneyville Correctional Center, where he claims that Dr. Feinerman intentionally withheld treatment because it was too expensive.[1]

On February 14, 2008, United States Magistrate Judge Donald G. Wilkerson issued a Report

---

[1] Other Pinckneyville employees named in the original complaint were previously dismissed for lack of personal involvement.

and Recommendation (Doc. 62), recommending that Plaintiff's motion for summary judgment (Doc. 47) be denied. Specifically, Magistrate Judge Wilkerson concluded that: (1) Plaintiff cannot establish as a matter of law that Defendant Feinerman was deliberately indifferent to a serious medical need and (2) Plaintiff cannot use Federal Rule of Civil Procedure 56 to seek summary judgment on the affirmative defenses of qualified immunity, failure to exhaust administrative remedies, and statute of limitations because the burden of proof rests with Defendant on these issues. The Report and Recommendation was entered on February 14th, and no timely objections have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The Court **ADOPTS in part** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 62), and Plaintiff's motion for summary judgment (Doc. 47) is **DENIED**. The Report and Recommendation is **MODIFIED** to the extent that this Court finds that Plaintiff has failed to

establish, as a matter of law, that: (1) Defendant Feinerman was deliberately indifferent to a serious medical need; (2) Defendant Feinerman is not entitled to qualified immunity; (3) Plaintiff exhausted his administrative remedies; and (4) this action is not barred by the statute of limitations.

On January 29, 2008, Defendant Feinerman filed a motion for summary judgment on the basis that Plaintiff cannot show, as a matter of law, that he was deliberately indifferent to a serious medical need. Attached to the motion are Dr. Feinerman's affidavit, Plaintiff's medical records, and Plaintiff's deposition. Plaintiff has failed to respond to this motion. Defendant has satisfied his burden under Rule 56, and Plaintiff has failed to come forward with any evidence showing that there is a genuine issue for trial. Accordingly, Defendant Feinerman's motion for summary judgment (Doc. 57) is **GRANTED**, and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 03/14/08

s/ G. Patrick Murphy  
G. Patrick Murphy  
United States District Judge